UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RODERICK GOLDEN,

                                    Plaintiff,

                                                                        5:20-cv-1566
v.
                                                                        (MAD/TWD)

SYRACUSE REGIONAL AIRPORT AUTHORITY,
et al.,

                                    Defendants.
_____

APPEARANCES:

RODERICK GOLDEN
Plaintiff, *pro se*
208 Melrose Ave.
Syracuse, NY 13206


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**ORDER and REPORT-RECOMMENDATION**</u>

        Plaintiff Roderick Golden commenced this *pro se* action on December 16, 2020, by filing

a complaint.  (Dkt. No. 1.)  In lieu of paying this Court's filing fee, he submitted a motion to

proceed *in forma pauperis* ("IFP").  (Dkt. No. 2.)  The undersigned has reviewed Plaintiff's IFP

application and determines that he may properly proceed IFP.  Presently pending before the

undersigned is review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.        STANDARD OF REVIEW**

        28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court

shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a

claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*.

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might

be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II.    PLAINTIFF'S COMPLAINT

Plaintiff commenced this action pursuant Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*  (*See generally* Dkt. No. 1.)  Named as Defendants are: Syracuse Regional Airport Authority; Debbie Marshall, Head of Human Resources; Dennis Mathers, Head Supervisor; Peter Ryan, Assistant Supervisor; Andrew Baker; and John Carney. *Id.*

Plaintiff, an African-American man, alleges that he was terminated from his job at the Syracuse Regional Airport Authority without any justifiable reason or cause.  *Id.* at 4.[1]  He claims he was treated differently because of his race and was terminated after complaining about the hostile work environment.  *Id.*  Specifically, in November 2019, Plaintiff had a "bulling incident" with Supervisor Mathers about a "bid."  *Id.* at 3.  On January 3, 2020, Plaintiff was called a racial slur by a co-worker.  *Id.*  He reported the incident to supervisors and crew leaders. *Id.*  Plaintiff's "complaint" was "never investigated."  *Id.*  On or about February 21, 2020, Plaintiff was wrongfully terminated.  *Id.*

Plaintiff filed a complaint against the Syracuse Regional Airport Authority with the Equal Employment Opportunity Commission ("EEOC").  *See id.* at 6-8.  On or about September 16, 2020, the EEOC issued a Notice of Right to Sue letter.  *Id.*

---

[1] Page references to documents identified by docket number are to the page number assigned by the Court's EM/ECF electronic docket system.

Plaintiff seeks to be reinstated and requests compensatory damages for pain and suffering, mental anguish, emotional distress, and lost wages beginning February 21, 2020. *Id*. at 5. For a complete statement reference is made to the complaint.

## III.    ANALYSIS

### A.    Title VII Claims Against Individual Defendants

To the extent Plaintiff names Debbie Marshall, Dennis Mathers, Peter Ryan, Andrew Baker, and John Carney as Defendants in his Title VII claims, such claims must be dismissed because "individuals are not subject to liability under Title VII." *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004) (internal quotation marks and citation omitted); *see Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("the district court's dismissal of [the] plaintiff's Title VII claims against [the defendant] in his personal capacity must be affirmed because under Title VII individual supervisors are not subject to liability."). Thus, it is recommended that Plaintiff's Title VII claims for employment discrimination and retaliation, insofar as asserted against the individual defendants, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### B.    Title VII Employment Discrimination and Retaliation Claims Against Syracuse Regional Airport Authority

To state a prima facie case of discrimination under Title VII, a complaint must allege that (1) the plaintiff belongs to a protected class; (2) he or she is qualified for the position at issue; (3) his or her employment was terminated, or she suffered some other form of adverse action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004).

In order to plead a cognizable claim of retaliation, a plaintiff must advance non-conclusory allegations that (1) he engaged in protected activity; (2) the defendants were aware of

the activity; (3) the defendants took adverse action against the plaintiff; and (4) there is a causal connection with the protected activity and the adverse action. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir. 2014).

Here, afforded a liberal construction, the complaint alleges that Plaintiff was terminated based on his race and in retaliation for filing a complaint concerning disparate treatment based on his race. Plaintiff has attached a copy of the Notice of Right to Sue letter issued by the EEOC. Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the undersigned finds that Plaintiff has sufficiently alleged Title VII employment discrimination and retaliation claims insofar as asserted against the Syracuse Regional Airport Authority.

Therefore, it is recommended that Plaintiff's Title VII employment discrimination and retaliation claims against the Syracuse Regional Airport Authority proceed. In so recommending, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed dispositive motion.

**ACCORDINGLY**, for the reasons set forth herein, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**;[2] and it is further

**RECOMMENDED** that Plaintiff's Title VII claims against Defendants Debbie Marshall, Dennis Mathers, Peter Ryan, Andrew Baker, and John Carney be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

---

[2] Plaintiff should note that, although the Court has granted his IFP Application, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED** that Plaintiff's Title VII employment discrimination and retaliation claims against Defendant Syracuse Regional Airport Authority be permitted to proceed; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with a copy of the unpublished decision cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: January 11, 2021
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).