UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RODERICK GOLDEN,

                                        **Plaintiff,**

       vs.

                                                                    **5:20-CV-1566
                                                                    (MAD/TWD)**

**SYRACUSE REGIONAL AIRPORT AUTHORITY;
DEBBIE MARSHALL,** *Individually and as
Employees of Syracuse Regional Airport Authority***;
DENNIS MATHERS,** *Individually and as Employees
of Syracuse Regional Airport Authority***; PETER
RYAN,** *Individually and as Employees of Syracuse
Regional Airport Authority***; ANDREW BAKER,**
*Individually and as Employees of Syracuse Regional
Airport Authority***; and JOHN CARNEY,** *Individually
and as Employees of Target Corporation***,**

                                        **Defendants.**
_____

APPEARANCES:                                          OF COUNSEL:

**RODERICK GOLDEN**
208 Melrose Avenue
Syracuse, New York 13206
Plaintiff *pro se*

**HANCOCK, ESTABROOK LAW FIRM**          **JOHN T. MCCANN, ESQ.**
100 Madison Street
Suite 1500
Syracuse, New York 13202
*Counsel for Syracuse
Regional Airport Authority*

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

On December 16, 2020, Plaintiff commenced this action alleging employment

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e *et seq.* ("Title VII").  *See* Dkt. No. 1.

In an Order and Report-Recommendation dated January 11, 2021, Magistrate Judge

Dancks granted Plaintiff leave to proceed *in forma pauperis* and performed an initial review of

the complaint.  *See* Dkt. No. 5.  In the Order and Report-Recommendation, Magistrate Judge

Dancks recommended that the Court dismiss Plaintiff's Title VII claims against the individual

Defendants with prejudice but permit Plaintiff's Title VII claims against Defendant Syracuse

Regional Airport Authority to proceed.  *See id.* at 5-6.  Liberally construed, Magistrate Judge

Dancks found that Plaintiff sufficiently alleged Title VII employment discrimination and

retaliation claims against Defendant Syracuse Regional Airport Authority.  *See id.*  Plaintiff has

not objected to Magistrate Judge Dancks's Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However,

when a party files "[g]eneral or conclusory objections or objections which merely recite the same

arguments [that he presented] to the magistrate judge," the court reviews those recommendations

for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

2011) (citations and footnote omitted).  After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's Title VII claims against the individual Defendants must be dismissed with prejudice.  This is appropriate because "'individuals are not subject to liability under Title VII.'" *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004) (quotation and other citations omitted).

Next, the Court finds that Magistrate Judge Dancks correctly determined that the Court should permit Plaintiff's Title VII employment discrimination and retaliation claims against Defendant Syracuse Regional Airport to proceed.  "In order to plead a plausible claim of Title VII discrimination, the plaintiff must allege that (1) he is a member of a protected class; (2) he is qualified for a disputed employment position; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Bowman v. Granny's Kitchen, LLC*, No. 6:14-CV-00585, 2015 WL 541276, *3 (N.D.N.Y. Feb. 10, 2015) (citing *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004)).

Plaintiff has sufficiently alleged Title VII employment discrimination based on wrongful termination.  Plaintiff, an African American man, is a member of a protected class.  Dkt. No. 1 at 4; *see* 42 U.S.C. § 2000e-2(a)(1).  It appears that Plaintiff, who won a "bid," was adequately qualified for his custodial position.  Dkt. No. 1 at 9; *see de la Cruz v. N.Y.C. Human Res. Admin. Dep't of Soc. Serv.*, 82 F.3d 16, 20 (2d Cir. 1996) (citations omitted) (holding that an employee

only must show "that he 'possesses the basic skills necessary for performance of [the] job'").

Plaintiff then sufficiently alleged that he suffered adverse employment action when he was passed

over for the "bid" he allegedly won and was terminated just over two months later.  Dkt. No. 1 at

3; *see Cunningham v. N.Y. State Dep't of Labor*, 326 Fed. Appx. 617, 619 (2d Cir. 2009) (citation

omitted).  Finally, Plaintiff has sufficiently alleged the adverse employment actions occurred

under circumstances giving rise to an inference of discriminatory intent.  *See* Dkt. No. 1 at 9-14.

Plaintiff's claims that he was forced to give up the bid, called a racial slur, and later terminated

lend at least a minimal inference of discriminatory intent.  *See Littlejohn v. City of New York*, 795

F.3d 297, 311 (2d Cir. 2015).

Similarly, Plaintiff has sufficiently alleged retaliation against Defendant Syracuse

Regional Airport Authority.  To state a claim of retaliation under Title VII, a plaintiff must

plausibly allege "that (1) []he was engaged in protected activity; (2) the employer was aware of

that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal

connection between the protected activity and that adverse action."  *Rivera v. Rochester Genesee*

*Reg'l Transp. Auth.*, 743 F.3d 11, 24 (2d Cir. 2014) (citation omitted).

Plaintiff sufficiently alleged that he engaged in a protected activity that Defendant was

aware of because he reported more than one incident with a co-worker whom Plaintiff alleges

called him a racial slur and threatened him physically.  *See* Dkt. No. 1 at 9-14; *Dixon v. Int'l Fed'n*

*of Accountants*, 416 Fed. Appx. 107, 110 (2d Cir. 2011) (holding that an employee participates in

a protected activity when she complains of discrimination to her employer).  Plaintiff has also

sufficiently alleged that Defendant took adverse action against him.  *See Feingold*, 366 F.3d at

152.  Finally, Plaintiff has sufficiently alleged a causal connection between the protected activity

and his termination, which occurred less than two months after he reported the racial slur.  *See*

4

*Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding that where temporal proximity by itself is accepted as "sufficient evidence of causality . . . [it] must be very close"); *Crosby v. McDonald's of Guilderland, LLC*, No. 1:17-CV-1160, 2018 WL 2077884, *6 (N.D.N.Y. May 2, 2018) (citations omitted) ("District courts have generally found . . . that 'a passage of two months between the protected activity and the adverse employment action seems to be the dividing line'").

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's claims against the individual Defendants are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Syracuse Regional Airport Authority shall **proceed**; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this District's Civil Case Management Plan, for service upon the named Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 10, 2021
     Albany, New York

Mae A. D'Agostino
U.S. District Judge

5