**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**RODERICK GOLDEN,**

                                       **Plaintiff,**

    vs.                                                                      5:20-CV-01566
                                                                                           (MAD/TWD)

**SYRACUSE REGIONAL AIRPORT AUTHORITY,**

                                        **Defendant.**

_____

**APPEARANCES:**                                        **OF COUNSEL:**

**RODERICK GOLDEN**
208 Melrose Avenue
Syracuse, New York 13206
Plaintiff, *pro se*

**HANCOCK ESTABROOK, LLP**                **JOHN T. MCCANN, ESQ.**
100 Madison Street, Suite 1500                 **EMILY MIDDLEBROOK, ESQ.**
Syracuse, New York 13202
Attorneys for Defendant

**GOLBERG SEGALLA, LLP**                      **WILLIAM HENRY HYTHON, ESQ.**
5786 Widewaters Parkway
East Syracuse, New York 13057
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* Plaintiff Roderick Golden ("Plaintiff") has filed a letter motion (Dkt. No. 78) seeking reconsideration of the Court's Memorandum-Decision and Order (Dkt. No. 76) entered on July 31, 2023, directing final judgment in favor of Defendant Syracuse Regional Airport Authority ("Defendant"). Defendant opposes the motion. *See* Dkt. No. 80. For the reasons set forth below, Plaintiff's motion is denied.

    As an initial matter, Plaintiff's letter motion is untimely pursuant to Local Rule 60.1,

which states that "a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order or decree." N.D.N.Y. L.R. 60.1. Plaintiff appears to have sent the instant request on August 25, 2023. *See* Dkt. No. 78 at 3. According to the Clerk's Office stamp, the letter motion was received on August 28, 2023. *See id.* at 1. Even when affording Plaintiff additional time for mailing, the motion is untimely. Considering that Plaintiff provides no indication as to why his request is late, and considering that Defendant opposes the motion on same grounds, the Court finds that the request is untimely. Nonetheless, the Court will address the substance of Plaintiff's letter as his contentions are without merit.

Plaintiff asserts that the Court "gave no consideration to the core issue in [his] case[.]" Dkt. No. 78 at 1. According to Plaintiff, that issue concerns "[w]hether [he] was terminated from [his] job at the Syracuse Regional Airport Authority for violating a 'Workplace Violence Prevention policy' which simply did not exist." *Id.* In pertinent part, Plaintiff asserts that "Defendant's failure to have timely developed and implemented a written workplace Violence Prevention Program is significantly reflective of [Defendant's] non-adherence to their claimed operational commitment to 'sound business practices.'" *Id.* Plaintiff asserts that "[a]t a trial of this case, proof of such non-adherence could lead a reasonable trier of fact to conclude that the defendant's justification for terminating [his] employment is nothing more than a pretext for masking defendant's workplace discrimination." *Id.* In Plaintiff's view, this is a "critical question of fact" and that "[a] properly charged trier of fact might find so, and then be appropriately equipped to reject Defendant's claims of a justification[.]" *Id.*

Additionally, Plaintiff states that his "motion for partial summary judgment sought to recover [his] unemployment benefits and loss [sic] wages[.]" Dkt. No. 78 at 1. Plaintiff states

2

that he "coupled [his] motion for partial summary judgment with [his] pending Title VII claim because the parties and issues were so closely related." *Id.*  Plaintiff adds that "[i]t does not appear that [his] motion for partial summary judgment was ever addressed." *Id.*  More specifically, Plaintiff argues that the decision *Obiajulu v. City of Rochester*, 975 F. Supp. 469, 471-72 (W.D.N.Y. 1997), as cited in the Memorandum-Decision and Order (Dkt. No. 76 at 10), "has no bearing on [Plaintiff's] case because . . . it does not address any of the statutory exceptions set forth in New York [L]abor s.623." *Id.* at 2.  Plaintiff asserts that his "case fits squarely in exception # 2 sub division iv . (due process)[.]" *Id.*

Plaintiff's position that the existence of, or adherence to, a "Workplace Violence Prevention Policy" is "critical question of fact" misses the mark.  In the Court's view, under the circumstances of this case, it makes no difference as to whether Defendant had formally adopted such a policy or not — even though the record evidence demonstrates that it had, at the very least, a pre-existing policy that had been implemented by the City of Syracuse and acknowledged by Plaintiff during at the outset of his employment.  The critical problem with Plaintiff's argument — as was addressed in the Memorandum-Decision and Order — is that the undisputed record evidence shows that Defendant had a legitimate, non-discriminatory, and non-retaliatory basis for terminating his employment.  For instance, the record shows, *inter alia*, that there is no evidence of disparate treatment relative to Plaintiff; nor is there any evidence that Plaintiff was subjected to a steady barrage of racially hostile or retaliatory treatment.  To the contrary, the evidence demonstrates overwhelmingly that upon learning of the single instance of alleged racial harassment, Defendant took prompt and thorough action to determine the veracity of Plaintiff's complaint, and that, following an investigation, Defendant received a credible report that Plaintiff threatened a co-worker with violence — all viewed against Defendant's pre-existing concerns

3

about Plaintiff's past criminal behavior.

As to Plaintiff's argument regarding the exception set forth in N.Y. Lab. L. § 623(2)(iv), that provision is inapposite. Specifically, the statute provides, in relevant part, as follows:

> [n]o finding of fact or law contained in a decision rendered [by an unemployment hearing referee], the appeal board or a court shall preclude litigation of any issue of fact or law in any subsequent action or proceeding; provided, however, that this subdivision shall not apply to causes of action which . . . (iv) allege that a claimant or employer was denied constitutional rights in connection with the administrative processing, hearing, determination or decision of a claim for benefits or assessment of liability for unemployment insurance contributions.

N.Y. Lab. L. § 623(2)(iv).

As pointed out by Defendant, that exception does not apply to this case because, among other things, Plaintiff alleged claims of discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 80 at 10. This is simply not a case concerning the alleged denial of "constitutional rights" relative to any unemployment benefits proceedings. In any event, as referenced in the Memorandum-Decision and Order, the Administrative Law Judge's ("ALJ") findings severely undermined Plaintiff's contentions regarding his Title VII claims insofar as the ALJ concluded that Plaintiff in fact made a threat against a co-worker on February 14, 2020. *See* Dkt. No. 76 at 10. Had this Court adopted the ALJ's conclusions, not only would it have been procedurally improper, but also it would have further supported Defendant's explanation as to why it terminated Plaintiff's employment.

For the reasons stated above, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 78) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon all parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 10, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

5